# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOSE MONTIEL ROSAS,** | \* |
| Petitioner, | \* |
| v. | \* Civil Action No. RWT-11-3750 |
| | \* Criminal Action No. RWT-06-066 |
| **UNITED STATES OF AMERICA,** | \* |
| Respondent. | \* |

## MEMORANDUM OPINION AND ORDER

On December 29, 2011, Petitioner Jose Montiel Rosas filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 519. Mr. Rosas's motion claims that "new evidence concerning the sentence of [his co-Defendant] requires a re-consideration of the disparity of sentences." On March 1, 2012, the Government filed a Response in Opposition. ECF No. 532. The Petitioner's motion is without merit and will be denied.

## Background Facts

On January 16, 2008, Mr. Rosas entered a plea of guilty as to Count One of the Government's Second Superseding Indictment, charging him with conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine and 1000 or more kilograms of marijuana in violation of 21 U.S.C. § 846. ECF No. 186.  The Plea Agreement signed by Mr. Rosas specified that the "Defendant waives any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted offense level of 36." After a thorough Rule 11 colloquy, the Court accepted the plea, finding that it was a "knowing and

voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." Plea Hearing Tr., ECF No. 486 at 38.

During the plea hearing, Mr. Rosas acknowledged that he understood that he was waiving the right to appeal any sentence calculated based on an offense level of 36 or lower, except for an unlawful sentence. Plea Hearing Tr., ECF No. 486 at 31-32. On September 5, 2008, at the sentencing hearing, the Court did, in fact, apply an offense level of 36, and in light of Mr. Rosas's criminal history category of VI, found the applicable Sentencing Guideline range to be 324-405 months. The Court nevertheless decided to vary downwards, and sentenced Mr. Rosas to 280 months imprisonment and five years of supervised release. ECF No. 393.

Mr. Rosas appealed his sentence to the Fourth Circuit Court of Appeals, arguing that his sentence was unreasonable in light of his co-Defendant Ruben F. Lopez's sentence. The Government filed a motion to dismiss the appeal based on the valid appeal waiver in the plea agreement, and the Fourth Circuit granted the motion. ECF No. 532, Ex. 1.

## Analysis

"It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." *United States v. Linder,* 552 F.3d 391, 397 (4th Cir. 2009) (internal quotations and citation omitted). Mr. Rosas "cannot circumvent a proper ruling on a claim raised on direct appeal by re-raising the same claim in a § 2255 motion." *Aylor v. United States*, 2011 WL 2118694 (D. Md. May 27, 2011). As Mr. Rosas validly waived his right to appeal in his plea agreement, he waived the right to challenge any sentence based on an offense level of 36 both on direct appeal *and* in a motion under § 2255. *Linder*, 552 F.3d at 397.

Even if Mr. Rosas had not validly waived his right to appeal, the sentencing disparity claim cannot be considered under 28 U.S.C. § 2255 which requires a defendant to prove that a sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." The sentence was not in violation of the Constitution or a federal statute. Mr. Rosas cites 18 U.S.C. § 3553(a) which requires a Court to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct…." The Court specifically did consider this during the sentencing hearing. In fact, the Court discussed how in multi-Defendant cases, it considers the relative roles of all co-Defendants. The Court continued that it also needed to consider other factors like criminal history and any cooperation with the Government. Sentencing Hearing Tr., ECF No. 427 at 50-54. The Court clearly met its obligation under this statute and imposed a legal sentence.

Finally, there is no unwarranted disparity between this sentence and that of Mr. Lopez. The Court specifically considered the relevant factors for each Defendant, including specifically comparing the relative roles and other factors of these two Defendants on the record and imposed appropriate sentences as a result. Sentencing Tr., ECF No. 437 at 50-54.

Under 28 U.S.C. § 2255(b), the Court may deny a motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013). The Court finds that no hearing is necessary in this case.

## Certificate of Appealability

Mr. Rosas may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Mr. Rosas has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009). This Court has assessed the claims in Mr. Rosas's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of his claims, and therefore no certificate of appealability shall issue.

Accordingly, it is this 2nd day of September, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner Jose Montiel Rosas's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 519] is **DENIED**; and it is further

**ORDERED**, that a certificate of appealability shall not be issued; and it is further

**ORDERED**, that the Clerk shall mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is directed to close Civil Action No. RWT-11-3750.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE